STONE v. MURPHY et al.

(District Court, D. Oregon. March 4, 1898.)

No. 4,288.

ADMIRALTY—SUIT IN PERSONAM—DAMAGES—BOND.

Under Admiralty Rule 47 and Rev. St. §§ 990, 991, where the master and mate of a ship are arrested in the state of Oregon on a libel for damages for injuries inflicted on the high seas, they are entitled to discharge on giving bond conditioned at all times to "render themselves amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment," as provided by the laws of Oregon, and cannot be required to give a bond conditioned for the payment of the money awarded by the final decree.

This was a libel by Amos Stone, by Edward N. Deady, his guardian ad litem, against E. L. Murphy and George Harvey, to recover damages for personal injuries inflicted by defendants on the high seas. The cause was heard on plaintiff's motion to require defendants to give a new stipulation.

Edward N. Deady and John H. Hall, for libelant.
C. E. S. Wood and J. C. Flanders, for defendants.

BELLINGER, District Judge. This is an action for damages for personal injuries received at the hands of the defendants on the high seas. The defendants are respectively the master and mate of the ship George Stetson, recently arrived in this port. Upon the filing of the libel the defendants were arrested, and gave bonds in the sum of $2,000 each, upon condition that they shall at all times render themselves amenable to the process of this court during the pendency of this action, and appear herein and render themselves amenable to such process as may be issued to enforce the decree herein. The plaintiff moves that the defendants be required to give a new stipulation, conditioned that they will appear in the suit, and abide by all orders of the court, and pay the money awarded by the decree herein. Admiralty Rule 3 provides as follows:

"(3) In all suits in personam, where a simple warrant of arrest issues and is executed, the marshal may take bail, with sufficient sureties, from the party arrested, by bond or stipulation, upon condition that he will appear in the suit and abide by all orders of the court, interlocutory or final, in the cause, and pay the money awarded by the final decree rendered therein in the court to which the process is returnable, or in any appellate court. And upon such bond or stipulation summary process of execution may and shall be issued against the principal and sureties by the court to which such process is returnable, to enforce the final decree so rendered, or upon appeal by the appellate court."

This application for a new bond is based upon rule 3, as above, and is supported by the decision of this court in the case of Hanson v. Fowle, 1 Sawy. 497, Fed. Cas. No. 6,041.

On the other hand, it is contended that under rule 47, which provides that, "in all suits in personam where a simple warrant of arrest issues and is executed, bail shall be taken by the marshal and the court in those cases only in which it is required by the laws of the state where an arrest is made upon similar or analogous process issuing from the state courts," inasmuch as by the laws of Oregon a party arrested in a civil action is entitled to his discharge from the arrest upon giving an undertaking to the effect that he will at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment, the defendants in this case cannot be required to give a bond conditioned for the payment of the money awarded by the final decree herein.    Defendants also call attention to sections 990, 991, of the Revised Statutes, which provide as follows:

"Sec. 990. No person shall be imprisoned for debt in any state, on process issuing from a court of the United States, where, by the laws of such state, imprisonment for debt has been or shall be abolished.    And all modifications, conditions, and restrictions upon imprisonment for debt, provided by the laws of any state, shall be applicable to the process issuing from the courts of the United States to be executed therein; and the same course of proceedings shall be adopted therein as may be adopted in the courts of such state.

"Sec. 991. When any person is arrested or imprisoned in any state, on mesne process or execution issued from any court of the United States, in any civil action, he shall be entitled to discharge from such arrest or imprisonment in the same manner as if he were so arrested and imprisoned on like process from the courts of such state.    The same oath may be taken, and the same notice thereof shall be required, as may be provided by the laws of such state, and the same course of proceedings shall be adopted as may be adopted in the courts thereof.    But all such proceedings shall be had before one of the commissioners of the circuit court for the district where the defendant is so held."

In the case of Hanson v. Fowle, it was held that these provisions, which relate to imprisonment for debt, do not apply in case of an arrest in a suit in personam for damages for injuries done the person; that, while a person who willfully injures another in person is liable therefor in damages, and may, therefore, in a sense, be called the "debtor" of the party injured, and the sum due for the injury "debt," he is in fact a wrongdoer, a trespasser, and does not come within the reason of the rule which exempts an honest man from imprisonment because he is pecuniarily unable to pay what he has promised; that, for instance, a person who wrongfully beats his neighbor, kills his ox, or girdles his fruit trees, ought not to be considered in the same category as an unfortunate debtor.    And yet it must be admitted that a claim of this kind, when it ripens into a decree for a sum of money, becomes a debt against the defendant in the decree.    It is true, such a claim is not a debt; it is less than a debt; and it cannot be said that the reason for abolishing imprisonment for debt does not apply in a case like this.    If a defendant is not liable to imprisonment for a debt, he should not, for the stronger reason, be liable to imprisonment in an action where the result can only be a judgment for money.

Rule 47 is comprehensive. It provides no exception that will exclude this case from its provisions. It provides that in all suits in personam, where a simple warrant of arrest issues, bail shall be taken only in those cases in which it is required by the laws of the state where an arrest is made upon similar process issuing from the state courts. And so, too, of section 991 of the Revised Statutes. Here the provision is that, when any person is arrested or imprisoned in any state on mesne process or execution issued from the courts of the United States in any civil action, he shall be entitled to a discharge from the arrest or imprisonment in the same manner as if he were so arrested and imprisoned on like process from the state courts. The language, "on mesne process from any court of the United States in any civil action," admits of no exception in civil actions. And this is a civil action to recover damages. Upon the contention made by the plaintiff it might happen that a party would be subjected to imprisonment in a case where it would be impossible that such a bond as is required in this suit should be given. These are cases where the parties are usually at a distance from their homes. There is no limitation upon the amount that a plaintiff may claim in such cases, and, if the right exists to demand a bond for the payment of any decree that may be awarded, the plaintiff will be under the temptation to make his claim for damages so large that a defendant situated as these defendants are, will, in the nature of things, be incapable of giving it. The requirement, therefore, that is made in this case, is not only not within the law, but it is a requirement most unreasonable to be made under the circumstances. The bonds already given are all that can be required. They secure to the plaintiff all that he now has under his warrant of arrest, namely, the appearance of the defendants in a suit, and their submission to all the orders of the court made therein. If no bonds were given, and the defendants remained in custody, this is all the security the plaintiff would have, and this is what is secured to him by the bonds as given. The motion that the defendants be required to give further bail is therefore denied.